IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|  |  |  |
|---|---|---|
| TINA ESPINOZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:09-CV-001-J |
| CARGILL MEAT SOLUTIONS CORPORATION, | § § § § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

This is a suit for damages under Texas state tort law. Plaintiff, Tina Espinoza, sued Defendant, Cargill Meat Solutions Corporations (Cargill) for personal injuries sustained while working with a butt bone saw at Defendant's plant in Friona, Texas. Plaintiff pleaded causes of action for negligence and gross negligence, alleging that Defendant's negligence was the proximate cause of her personal injuries. Plaintiff brought this suit in federal court pursuant to 28 U.S.C. § 1332.

Defendant moves for summary judgment. Defendant asserts *inter alia* that Plaintiff's negligence and gross negligence state-law claims are preempted by § 301 of the Labor Management Relations Act (LMRA). In response, Plaintiff contends that § 301 does not apply because her pre-injury waiver of state-law claims is void and unenforceable under section 406.033(e) of the Texas Labor Code. Plaintiff also asserts that, even if the waiver is valid, her

claims are not preempted by § 301 because they are not dependent on the meaning of the collective bargaining agreement.

## SUMMARY JUDGMENT STANDARD

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1449 (5th Cir.1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994), quoting *Celotex Corp.,* 477 U.S. at 323. The nonmovant must then show by affidavits, depositions, answers to interrogatories,

admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996).

## BACKGROUND

Since April of 2002, Cargill has provided Workers' Compensation insurance under the Texas Workers' Compensation Act.

Section 408.001(a) of the Texas Labor Code states that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage." Tex. Lab. Code Ann. § 408.001(a) (2006). Section 406.034 of the Texas Labor Code provides:

> (a) Except as otherwise provided by law, unless the employee gives notice as provided by Subsection (b), an employee of an employer waives the employee's right of action at common law or under a statute of this state to recover damages for personal injuries or death sustained in the course and scope of the employment.
> (b) An employee who desires to retain the common-law right of action to recover damages for personal injuries or death shall notify the employer in writing that the employee waives coverage under this subtitle and retains all rights of action under common law. The employee must notify the employer not later than the fifth day after the date on which the employee:
>   (1) begins the employment; or
>   (2) receives written notice from the employer that the employer has obtained workers' compensation insurance coverage if the employer is not a covered employer at the time of the employment but later obtains the coverage.
>
> *Id.* § 406.034(a)-(b).

Section 406.033(a) of the Texas Labor Code provides that "[i]n an action against an employer who does not have workers' compensation insurance coverage to recover damages," the employer is denied certain common law defenses. *Id.* § 406.033.

With regard to employers who do not have Workers' Compensation coverage, subsection (e) of 406.033 further provides:

> (e) A cause of action described in Subsection (a) may not be waived by an employee before the employee's injury or death. Any agreement by an employee to waive a cause of action or any right described in Subsection (a) before the employee's injury or death is void and unenforceable.
> *Id.* § 406.033(e).

During the relevant time period, in addition to being a subscriber under Workers' Compensation, Cargill was covered by a collective bargaining agreement with the Union. The collective bargaining agreement provided in part:

> Any and all claims, causes of action or controversy arising out of or otherwise related to on the job accidents, illnesses or injuries shall be covered and administered pursuant to the Cargill Meat Solutions Corporation Texas Occupational Temporary Disability Plan, as amended ("Disability Plan") a welfare plan under the Employee Retirement Insurance Security Act of 1974, as amended. The Union specifically waive [sic] on behalf of itself and all bargaining unit employees, and any and all other causes of action which it or such employees may possess outside said Disability Plan which may in any way relate to or arise out of an on the job accident, illness or injury. Claims using the procedures outlined in this Article and as specifically set forth in the Disability Plan, shall provide for the sole and exclusive means of enforcing and pursuing claims arising out of such job accidents, illnesses or injuries in accordance with the terms of the Disability Plan.

Plaintiff was hired by Cargill in September 2006. New employees at Cargill are given three options: (1) be covered under Workers' Compensation insurance, (2) waive Workers' Compensation and retain their common law rights, or (3) waive Workers' Compensation and their common law rights and be covered under Cargill's own Occupational Disability Plan. Plaintiff opted to be covered under Cargill's Occupational Disability Plan and waived Workers' Compensation coverage and her common law rights. Plaintiff signed the following waiver:

> I have reviewed (1) the Collective Bargaining Agreement between Excel and the United Food and Commercial Workers Local No. 540, AFL-CIO, as amended (the CBA), (2) a summary of the Excel Corporation Texas Occupational Disability Plan (the Plan), and (3) the written Notice dated **APRIL 15, 2002**, that Excel now provides Workers' Compensation Insurance under the Texas Workers'

Compensation Act (the Act), and I understand that I may make a choice as to the coverage I desire.

**Therefore, I hereby WAIVE Workers' Compensation Insurance and make the election checked as follows:**

In lieu of Workers' Compensation Insurance, I elect to be covered by the Excel Corporation Texas Occupational Disability Plan, and I understand that the exclusive and mandatory procedure for enforcing my rights will be the claim, grievance and arbitration procedure under the Plan and the CBA.[1]

Plaintiff was injured on February 15, 2007. On that same day, Plaintiff claimed compensation and thereafter began receiving benefits under the Occupation Disability Plan of the collective bargaining agreement. The collective bargaining agreement provided:

C. All employees who experience an on the job accident, illness or injury at any time must follow the procedures set forth under this section to raise a claim or dispute anything involving such job accident, illness or injury. Specifically, any employee who believes that he has been denied rights under the Disability Plan, or who otherwise has any claims arising out of or related to a job accident, illness or injuries on the job, or who otherwise has any claims related to coverage, eligibility for coverage, benefits and/or the amount or duration of benefits under the Disability Plan shall follow the claims procedure as outlined in Article 10 of the Cargill Meat Solutions Texas Occupational Disability Plan. If the claim is not resolved under such claims procedure, it will proceed to (D) under this Article.

D. The parties shall agree upon a panel of two (2) permanent arbitrators which shall hear cases on a rotating basis. Either party may veto the continued use of an arbitrator. All pending cases shall be heard as least every month and a decision shall be rendered by the arbitrator within fifteen (15) days. The Company will pay the entire cost of the arbitration (except for the expenses of Union counsel and representatives <u>and other counsel or representatives unrelated to the Company</u>).
(emphasis in original)

Plaintiff did not appeal through the procedures provided in the collective bargaining agreement, but filed this suit asserting state-law tort claims.

---

[1] Cargill Meat Solutions Corporation is the successor to Excel through a name change.

## DISCUSSION

*Plaintiff's Waiver*

Plaintiff contends that since she elected to be covered by the collective bargaining agreement, Cargill was not a subscriber to Workers' Compensation as to her. Plaintiff then asserts that because Cargill is a non-subscriber to Workers' Compensation as to her, the pre-injury waiver prohibition of Texas Labor Code § 406.033(e) applies, and thus she has not waived her causes of action for negligence and gross negligence.

Defendant contends that it does not cease to be a subscriber to Workers' Compensation for § 406.033(a) and (e) purposes just because it provided other options for its employees in addition to Workers' Compensation.

The Court, based on the plain language of the statute, agrees with Defendant. Section 406.033(a) is relevant to employers who do not have workers' compensation insurance coverage. Defendant has Workers' Compensation insurance coverage, and Plaintiff was given the option to be covered by such policy. Plaintiff provides no authority, and the Court finds none, supporting the assertion that a company becomes a non-subscriber as to an employee when that employee chooses to be covered under the company's Occupational Disability Plan instead of the company's Workers' Compensation policy. Because Defendant is a subscriber to Workers' Compensation, the provision of § 406.033(e) prohibiting pre-injury waivers does not apply.

*Preemption*

Defendant contends that Plaintiff's causes of action are preempted by the provisions of the collective bargaining agreement, pursuant to § 301 of the Labor Management Relations Act (LMRA). Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this

chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
29 U.S.C. § 185(a) (2000).

With regard to § 301, the Fifth Circuit held in *Richter v. Merchants Fast Motor Lines, Inc.*, 83 F.3d 96, 97 (5th Cir. 1996):

> Based on Supreme Court precedent, this court has held that this section establishes federal preemption over conflicting state causes of action arising in both contract and tort, and that such preemption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement.
> (citing *Thomas v. LTV Corp.,* 39 F.3d 611, 616 (5th Cir.1994); *Jones v. Roadway Exp., Inc.,* 931 F.2d 1086, 1089 (5th Cir.1991); *Baker v. Farmers Electric,* 34 F.3d 274 (5th Cir.1994)).

Plaintiff argues that her state-law claims are not preempted by § 301 because the claims are not dependent upon an interpretation of the collective bargaining agreement.

To determine if adjudicating a claim requires interpreting the terms of a collective bargaining agreement, a court is required first to analyze the elements of the tort at issue. *Jones*, 931 F.2d at 1089. Under Texas law, a cause of action for negligence is premised on the existence of a legal duty, and whether an employer has a legal duty to the employee is a question of law for the courts. *Greater Houston Transportation Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Several courts have held that claims of negligence, such as those asserted by Plaintiff, are preempted under § 301. *See e.g.*, *Navarro v. Excel Corp.*, 48 F.App'x 481 (5th Cir. 2002) (§ 301 preempted state law negligence claim that company failed to maintain a reasonably safe workplace when collective bargaining agreement required company to create safety and grievance committees, allowed paid rest periods, gave employees protective equipment, and procedurally provided an exclusive remedy for resolving grievances); *Cupit v. Walts*, 90 F.3d

107 (5th Cir. 1996) (§ 301 preempted state law negligence and gross negligence claims); *Richter*, 83 F.3d 96 (negligence claim inextricably intertwined with terms of labor contract and therefore preempted by the LMRA).[2]

Plaintiff asserts Defendant negligently failed to train or supervise properly, failed to adopt proper policies or procedures regarding the operating of its machinery as well as the reporting of malfunctions with the machinery, failed to provide safe equipment, and failed to provide a safe workplace. As quoted above, the collective bargaining agreement involved here applies to "any and all claims, causes of action or controversy arising out of or otherwise related to on the job accidents, illnesses, or injuries …." The collective bargaining agreement's provisions include, but are not limited to, acknowledging the responsibility of Defendant to provide a safe workplace and correct safety hazards; instituting a safety committee for the purpose of insuring and promoting a safe work environment; establishing formal training of new and reassigned workers; and providing a grievance committee. The scope of Defendant's duties and Plaintiff's remedies under the collective bargaining agreement are inextricably intertwined with the scope of Defendant's legal duty for purposes of Plaintiff's negligence claims. Therefore, Plaintiff's state-law claims are preempted by § 301 of the LMRA.

Defendant next asserts it is entitled to summary judgment as to all claims because Plaintiff failed to follow the grievance procedure provided for in the collective bargaining agreement. The collective bargaining agreement states that "[a]ll employees who experience an on the job accident … must follow the procedures set forth under this section to raise a claim or dispute anything involving such job accident …." The collective bargaining agreement further

---

[2] Plaintiff states that reliance on *Cupit* and *Navarro* is misplaced because both cases upheld a pre-injury waiver that is now invalid under Tex. Lab Code § 406.033(e). The reliance here, however, is not on the courts' interpretations of the validity of a pre-injury waiver, but on the holdings regarding state-law claim preemption under § 301 of the LMRA. Similar holdings have been applied in cases not involving a pre-injury waiver. *See e.g.*, *Hayward v. Friedrich Air Condition Comp.*, No. Civ.A.SA-04-CA1040XR, 2005 WL 2016978 (W.D.Tex. Aug. 23, 2005).

provides that if a claim is not resolved under such claims procedure, the parties will seek to resolve the disputes through arbitration. Such clauses are enforceable. *Richter*, 83 F.3d at 98 (citing *Baker*, 34 F.3d 274); *see also Boone v. Armstrong Cork Co.*, 384 F.2d 285, 288 (5th Cir. 1967). Because Plaintiff did not exhaust her remedies under the collective bargaining agreement, she is precluded from bringing this suit and consequently dismissal is proper.

## CONCLUSION

Plaintiff's claim is preempted by the LMRA. Plaintiff has failed to initiate any grievance and arbitration process with Defendant as required by the collective bargaining agreement. Accordingly, the motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Signed this 23rd day of October 2009.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**